IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| LIONEL CAFFEY, #280067, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:13-CV-832-WHA |
| | ) | [WO] |
| | ) | |
| SGT. SANDERS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Lionel Caffey ("Caffey"), an indigent state inmate. In the complaint, Caffey challenges actions taken against him on October 9, 2013 during his confinement at the Draper Correctional Facility.

Pursuant to the orders of this court, Defendants filed a written report supported by relevant evidentiary materials in which they addressed the claims for relief presented by Caffey. The report and evidentiary materials refute the self-serving, conclusory allegations presented by Caffey in the complaint. Specifically, the records filed by Defendants demonstrate that Caffey engaged in a verbal altercation with various correctional officers at morning check out during which he disobeyed various orders, cursed the officers and threatened them. Caffey then struck one officer on the shoulder causing the officers present to use physical force to gain control of him. While engaged in this physical altercation, Caffey continued to disobey orders issued to him, repeatedly attempted to kick the officers and struggled with the officers as they tried to place him in handcuffs.

In light of the foregoing, the court issued an order directing Caffey to file a response to the defendants' written report. *Order of January 22, 2014 - Doc. No. 18*. The order advised Caffey that

his failure to respond to the report would be treated by the court "**as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action**." *Id*. at 1 (emphasis in original). Additionally, the order "**specifically cautioned [Plaintiff] that [his failure] to file a response in compliance with the directives of this order**" would result in the dismissal of this civil action. *Id*. The time allotted Caffey for filing a response in compliance with the directives of this order expired on March 17, 2014. As of the present date, Caffey has failed to file a requisite response in opposition to Defendants' written report. The court therefore concludes that this case should be dismissed.

      The court has reviewed the file to determine whether a less drastic measure than dismissal is appropriate. After such review, it is clear that dismissal of this case is the proper course of action at this time. Caffey is an indigent individual. Thus, the imposition of monetary or other punitive sanctions against him would be ineffectual. Additionally, Caffey's inaction in the face of Defendants' report and evidence suggests a lack of interest in the continued prosecution of this case. Finally, the undisputed evidentiary materials submitted by Defendants indicate that the force utilized against Caffey was necessary to gain control of the inmate and avert escalation of a volatile situation and, as such, did not violate the Constitution. It therefore appears that any additional effort by this court to secure his compliance would be unavailing. Consequently, the court concludes that Plaintiff's abandonment of his claims and his failure to comply with an order of this court warrant dismissal. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.); *see also Tanner v. Neal*, 232 F. App'x 924 (11th Cir. 2007) (affirming *sua sponte* dismissal without

prejudice of inmate's § 1983 action for failure to file an amendment to complaint in compliance with court's prior order directing amendment and warning of consequences for failure to comply).

For the above stated reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice. It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **April 15, 2014**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive, or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); s*ee Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 1st day of April, 2014.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE